**William L. McGRATH, Plaintiff Counter Defendant– Appellant,**

v.

**Jeremiah D. FOGARTY; Fogarty Enterprises, Defendants Counterclaimants Crossclaim Defendants–Appellees,**

and

**Hoffman Construction Company of America, Defendant Crossclaimant–Appellee.**

No. 15–4107.

United States Court of Appeals, Tenth Circuit.

March 29, 2016.

---

Jonathan W. Brogan, David A. Goldman, Norman, Hanson & Detroy, Portland, MÉ, Heidi Genevieve Goebel, Christensen & Jensen, P.C., Salt Lake City, UT, for Plaintiff Counter Defendant–Appellant.

John W. Holt, Laura H. Tanner, Donald J. Winder, Winder & Counsel, Salt Lake City, UT, for Defendant Counterclaimant Cross Claimant–Appellee.

Before GORSUCH, McKAY, and BACHARACH, Circuit Judges.

## ORDER AND JUDGMENT*

MONROE G. McKAY, Circuit Judge.

In 2004 or 2005, Plaintiff McGrath and Defendant Fogarty negotiated a buyout agreement under which Mr. McGrath would gradually take over Mr. Fogarty's business. By summer 2008, the agreement had clearly been breached, and a number of causes of action had accrued. However, Mr. McGrath did not file suit until February 2014. He now challenges the district court's decision that February 2014 was too late and that, based on the statute of limitations, the defendants were entitled to summary judgment.

Mr. McGrath identifies two factual disputes that, he argues, should have precluded summary judgment. First, he claims a jury could find he had a written contract with Mr. Fogarty, allowing him to take advantage of the longer statute of limitations for written contracts. Second, he claims Mr. Fogarty recently acknowledged his debt to Mr. McGrath, and this acknowledgment reset the clock and gave Mr. McGrath a new period in which to file his claims.

We address the second argument first. Mr. McGrath appeals to a Utah statute under which "[a]n action for recovery of a debt may be brought within the applicable statute of limitations from the date . . . [on which] a written acknowledgement of the debt . . . is made by the debtor." Utah Code § 78B-2-113. Mr. McGrath argues Mr. Fogarty has made two such written acknowledgments of the debt: the first in an email in April 2008 and the second in an affidavit filed with the district court in May 2014. In response, Mr. Fogarty ar-

gues neither of these documents actually constituted a written acknowledgement of the debt.

■ We would incline to agree with Mr. Fogarty, but the question is moot. Even if the May 2014 affidavit qualifies as a written acknowledgement of the debt, under Utah law it cannot extend the statute of limitations if it "occur[red] *after* the applicable statute of limitations ha[d] run." *State Bank of S. Utah v. Troy Hygro Sys., Inc.*, 894 P.2d 1270, 1276 (Utah Ct.App. 1995). Therefore, if the suit was time-barred when it was filed in February 2014, the May 2014 affidavit could not revive it.

As to the April 2008 email, it could extend the statute of limitations into 2014 only if the six-year statute for written contracts applies—the four-year statute for Mr. McGrath's other causes of action would still have expired in 2012. Consequently, the 2008 email can matter only if we accept Mr. McGrath's first argument and hold there is a genuine dispute of material fact about whether the parties had a written contract.

We therefore return to Mr. McGrath's first argument. Mr. McGrath identifies only two pieces of evidence from which a jury could find there was a written contract: first, a document he calls the "Commission Agreement"; and second, his affidavit, which explains the "Commission Agreement" as follows:

Although the Commission Agreement . . . is marked as a "Draft" version and is unsigned, [McGrath] and Fogarty understood that this document constituted a final and binding contract between the

* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

parties that memorialized the material terms of that contract.... In fact, the parties carried forward with work ... with the expectation and understanding that the Commission Agreement governed the terms under which each would receive their compensation....

(Appellant's App. at 131.)

■ In order for the Commission Agreement to be a contract, there must have been "mutual assent by the parties manifesting their intention to be bound by its terms." *Brown's Shoe Fit Co. v. Olch*, 955 P.2d 357, 363 (Utah Ct.App.1998). In this case, the document itself contains not the slightest evidence of mutual assent. It not only lacks signatures; it lacks even a place to put signatures. It does not even bear the title "Commission Agreement." Its heading is "DRAFT," followed in smaller print by "Below shows an estimated income of $5.0 to 5.5 M in seven years not including future compensation from salary and other opportunities." (Appellant's App. at 87.) By itself, the document does not resemble a contract at all, but merely an estimate of Mr. Fogarty's future income under a particular set of assumptions.

Nevertheless, the Draft's explanation of its assumptions—entitled "NOTES & CLARIFICATIONS"—does describe procedures for employing and compensating Mr. Fogarty. Further, it is conceivable that, after the Draft had been written for other purposes, the parties might have agreed to be bound by its description of their relationship. This case therefore turns on whether Mr. McGrath's affidavit provides enough evidence for a jury to conclude that the parties "mutually assent[ed]" to the Draft in a manner that "manifest[ed] their intention to be bound by its terms." *Brown's Shoe*, 955 P.2d at 363.

■ We hold it does not, for two reasons. First, the district court ruled that the relevant parts of the affidavit would be inadmissible. (Appellant's App. at 188.) The court noted that, rather than describing Mr. Fogarty's statements or actions, the affidavit speaks exclusively in terms of what Mr. Fogarty subjectively "understood" and "expect[ed]." (*Id.*) The court then concluded that Mr. McGrath was not competent to testify about Mr. Fogarty's subjective understandings and expectations. (*Id.*) Because an affidavit used to oppose a summary judgment motion must "show that the affiant ... is competent to testify on the matters stated," Fed. R.Civ.P. 56(c)(4), this conclusion is fatal to Mr. McGrath's case.[1]

■ Second, even if it were admissible, the affidavit's relevant language is entirely conclusory. The affidavit does not identify any words or deeds by which the parties "manifest[ed] their intention to be bound" by the Draft. *Brown's Shoe*, 955 P.2d at 363. Neither does it describe any dealings in which the parties obeyed the terms of the Draft, or even claim they ever did obey the terms of the Draft.[2] It asserts that the still-unsigned Draft was somehow "executed" (Appellant's App. at 125, 131), but it does not say where or when or how. It asserts further that the parties believed

---

1. We leave the district court's decision on this point undisturbed because Mr. McGrath did not challenge it until his reply brief. "This court does not ordinarily review issues raised for the first time in a reply brief." *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir.2000).

2. Indeed, the rest of the affidavit suggests that the parties' dealings did not obey the terms of the draft. For example, the Draft states Mr. Fogarty "w[ould] be elected a Company Official & Board member" (Appellant's App. at 87), and yet the affidavit insists Mr. Fogarty "was not actually a McLane Associates employee or officer" (*Id.* at 128.)

the Draft was a contract, but it does not say why the parties believed the Draft was a contract or how Mr. McGrath knew what Mr. Fogarty believed. Conclusory assertions like these do not create a genuine issue of material fact.

Because there is no admissible evidence of a written contract, the four-year statute of limitations applies and Mr. McGrath's suit is too late. The district court's judgment is **AFFIRMED**. Mr. McGrath's outstanding motion is **DENIED** as moot.